IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00427-WDM-MEH

JACKIE JOE AYALA, SR.,

    Plaintiff,

v.

ANDREW SAN NICOLAS, et al.,

    Defendants.

**ORDER ON MOTIONS TO DISMISS**

Miller, J.

This matter is before me on Defendants Andrew San Nicolas and Doug Darr's Amended Motion to Dismiss Plaintiff's Eighth Claim for Relief (doc no. 26) ("Motion to Dismiss Eighth Claim") and Defendant Morry A. Olenick, M.D.'s Motion to Dismiss Plaintiff's First Amended Complaint (doc no. 37) ("Olenick Motion to Dismiss"). Plaintiff opposes the motions. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the Motion to Dismiss the Eighth Claim is denied in part. The Olenick Motion to Dismiss is denied in its entirety.

Background

According to the First Amended Complaint and Jury Demand ("Complaint"), Defendant Doug Darr ("Sheriff") is the Sheriff of Adams County. Complaint at ¶ 4. Plaintiff alleges that he suffered injuries when he was arrested by deputies of the Adams County

Sheriff's Department, including Defendant San Nicolas. Complaint at ¶¶ 14-16. Plaintiff alleges that after he was placed in the Adams County Detention Facility, the defendants responsible for his medical care failed to adequately respond to his medical needs, including failing to perform surgery to reconstruct facial bones fractured during his arrest. Complaint at ¶¶ 54-58. Defendant Olenick is a physician who evaluated or treated Plaintiff during Plaintiff's incarceration. Complaint at ¶¶ 11, 55-56. Plaintiff asserts a variety of claims for constitutional violations pursuant to 42 U.S.C. § 1983 as well as state law medical negligence claims.

## Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

1.   Motion to Dismiss Eighth Claim for Relief Against Sheriff Darr

In his motion to dismiss, Sheriff seeks to dismiss Plaintiff's Eighth Claim for Relief, which asserts a state law negligence claim against Sheriff under a respondeat superior theory of liability.[1] Sheriff argues that this claim should be dismissed because it is barred by the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et seq.* ("CGIA"). Sheriff argues that the respondeat superior negligence claim fails because (1) the General

---

[1] Defendant San Nicolas joins this motion. However, I note that the Eighth Claim for Relief is not asserted against San Nicolas.

2

Assembly has not waived sovereign immunity; (2) even if there is a waiver under the CGIA, Plaintiff failed to adequately give the statutorily-required notice that Sheriff was under threat of suit for failing to provide proper medical care to Plaintiff; (3) Plaintiff's notice is inadequate because it was not sent to the appropriate governing body.  I address each argument below:

    A.    Waiver under the CGIA

Under the CGIA, public entities are immune from suit for injury which "lies in tort or could lie in tort," except where immunity has been expressly waived.  C.R.S. § 24-10-108.  The waiver provisions of the CGIA are to be interpreted broadly.  *Larry H. Miller Corp.- Denver v. Urban Drainage & Flood Control Dist.*, 64 P.3d 941, 944 (Colo. App. 2003).  The CGIA provides an express waiver of immunity for liability arising from the operation of any correctional facility or jail.  C.R.S. § 24-10-106(1)(b).  However, this exception does not apply to claimants who have been convicted of a crime and are incarcerated pursuant to such conviction.  C.R.S. § 24-10-106(1.5)(a).

The Complaint alleges that the negligent medical care occurred while Plaintiff was incarcerated at the Adams County Detention Facility, which would fall within the scope of the waiver of immunity for claims arising out of the operation of a jail under § 24-10-106(1)(b).  *See State v. Nieto*, 993 P.2d 493, 507 (Colo. 2000).  Sheriff argues that "it is unclear based on the pleadings whether the [Plaintiff] was incarcerated pursuant to a conviction at the time he is alleging the improper medical care occurred," which would then mean that immunity is restored.  Motion to Dismiss at 4.  In the Complaint, Plaintiff alleges that he did not receive proper medical care for his injuries until after his "release" in July

3

2003 (see Paragraph 74), but the allegations contain no specifics concerning if and when a conviction was entered.  In his response brief, Plaintiff argues that he "bonded out" in July 2003, but no facts are pled or in evidence on this issue.

Whether an entity qualifies for immunity under an exception to a general waiver of immunity is a question of jurisdiction and is therefore properly considered under Fed. R. Civ. P. 12(b)(1).  *Corsentino v. Cordova*, 4 P.3d 1082, 1087 (Colo. 2000).  Where facts underlying the assertion of the court's jurisdiction are disputed, the court must hold an evidentiary hearing.  *Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 924 (Colo. 1993) ("If the motion is a factual attack on the jurisdictional allegations of the complaint . . . the trial court may receive any competent evidence pertaining to the motion.") (citing Fed. R. Civ. P. 12(b)(1) and 2A James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 12.07[2.1] (2d ed. 1992)).

Because there are insufficient facts for me to determine whether Sheriff's immunity is waived for the Eighth Claim, Plaintiff is ordered to show cause why this claim should not be dismissed by presenting competent evidence that he was not incarcerated pursuant to a conviction during the relevant time period.

B.   Adequacy of Notice

Although the application of an exception to the waiver of immunity under the CGIA is a threshold issue, I will address Sheriff's other arguments to avoid revisiting them in the event that Plaintiff can demonstrate that immunity has been waived.

Under the CGIA, a prerequisite to any action against a public entity or employee is the filing of a written notice within 180 days after the date of the discovery of the injury.

C.R.S. § 24-10-109(1). The notice must contain the following information: (a) the name and address of the claimant and the name and address of his attorney, if any; (b) a concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of; (c) the name and address of any public employee involved, if known; (d) a concise statement of the nature and the extent of the injury claimed to have been suffered; (e) a statement of the amount of monetary damages that is being requested. C.R.S. § 24-10-109(2).

There is apparently no dispute that Plaintiff timely filed a notice pursuant to C.R.S. § 24-10-109(1). However, Sheriff argues that the notice is deficient as to the Eighth Claim because it does not adequately describe facts concerning inadequate medical care. I disagree. Only substantial compliance with section 109(2) is required. *Woodsmall v. Regional Transp. Dist.*, 800 P.2d 63, 69 (Colo. 1990) (a claimant must "make a good faith effort to include within the notice, to the extent the claimant is reasonably able to do so, each item of information listed in section 24-10-109(2)."). "In determining whether a claimant has substantially complied with the notice requirement, a court may consider whether and to what extent the public entity has been adversely affected in its ability to defend against the claim by reason of any omission or error in the notice." *Id.*

I find that Plaintiff has substantially complied with the requirements of section 109(2). The notice advises Sheriff of the circumstances of the arrest, Plaintiff's injuries, and expressly states that "[r]efusing MD recommendation for surgery denied me proper medical care," which is the substance of Plaintiff's Eighth Claim for Relief. I discern no prejudice to Sheriff in his ability to defend against this claim. Accordingly, Plaintiff's claim

5

is not barred on this basis.

### C. Proper Service of Notice

Finally, Sheriff asserts that Plaintiff did not send the notice to the proper party. Under the CGIA, if a claim is asserted against any public entity or employee other than the state, "the notice shall be filed with the governing body of the public entity or the attorney representing the public entity." C.R.S. § 24-10-109(3). The parties apparently do not dispute that the notice was sent to Sheriff. To the extent that Plaintiff's claims are based on the conduct of deputies and employees of the Sheriff's Department, Sheriff was the proper recipient of the notice. *See Peterson v. Arapahoe County Sheriff*, 72 P.3d 440, 443 (Colo. App. 2003) ("the sheriff is the appropriate governing entity to deal with a claim against a deputy sheriff"). Accordingly, Plaintiff has complied with this provision of the CGIA.

### 2. Olenick Motion to Dismiss

Two claims are asserted against Defendant Olenick ("Olenick") : (1) the Fifth Claim for Relief under 42 U.S.C. § 983, alleging violations of Plaintiff's constitutional rights for failure to provide adequate medical treatment; and (2) the Seventh Claim for Relief, which alleges the same underlying facts but seeks recovery under a common law negligence theory. Olenick argues that the section 1983 claim must be dismissed because he is not a state actor and because the allegations are insufficient to demonstrate that he acted with deliberate indifference. Moreover, because the federal claim fails, he argues, the pendant state claim must also be dismissed.

### A. State Actor Analysis

Plaintiff has alleged that Olenick "provided medical services to the Plaintiff directly and/or through contracts with the Defendant Sheriff or Defendant [Prison Health Service, Inc. ("PHS")]." Complaint ¶ 11.  Plaintiff further alleges that other defendants "or Olenick" were employed by the Sheriff or PHS and were acting under color of law and that Plaintiff was referred to Olenick by the prison physician.  Complaint ¶¶ 55, 62.  Olenick contends that these allegations are too conclusory to establish that any contract exists between Olenick and the relevant public entities or that Olenick's actions were otherwise under color of law.  Olenick notes also that Defendants Scheufele, Garlick, and PHS, in their Answer to the Plaintiff's First Amended Complaint and Jury Demand, have denied that any contract exists between Olenick and PHS and that Plaintiff's counsel has admitted that he is not exactly sure what is Olenick's role.

The only proper defendants in a section 1983 claim are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).  The Tenth Circuit has noted that there are a variety of tests applied to determine whether a private actor's conduct amounts to "state action," identifying the following four tests: (1) "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself;" (2) whether the state has "so far insinuated itself into a position of interdependence" with the private party that there is a "symbiotic relationship" between them; (3) whether the private party is "a willful participant in joint activity with the State or its agents;" and (4) whether a private entity exercises "powers

traditionally exclusively reserved to the State." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations omitted).

Although Plaintiff has alleged minimal facts concerning Olenick's relationship with Adams County and the Sheriff's Department, I cannot say that it appears beyond doubt that Plaintiff could prove no set of facts entitling him to relief, which is the standard I must apply in these circumstances. As demonstrated above, determination of whether a private actor's activities constitute "state action" is a complex factual analysis. Plaintiff alleges that Olenick treated Plaintiff pursuant to a contract or employment relationship with the Sheriff or PHS. Because this may be sufficient to establish a "close nexus" or willful participation with the public entity, I conclude that Plaintiff has met his pleading burden in this regard. This issue is more appropriately addressed on a motion for summary judgment, as it was in *Nunez v. Horn*, 72 F. Supp. 2d 24 (N.D.N.Y. 1999), the case cited by Olenick.

      B.     Adequacy of Allegations of Deliberate Indifference

Olenick argues in the alternative that the allegations, as a matter of law, do not demonstrate that he acted with the requisite deliberate indifference to Plaintiff's medical needs to state a claim for a violation of the Eighth Amendment. He contends that, at the most, the allegations show negligence, which cannot support a claim under section 1983.

It is well established that prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). However, a claim based on "an inadvertent failure to provide

adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment.  *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (citations omitted). "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"  *Id.*

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements.  The objective component is met if the deprivation is "sufficiently serious," i.e., one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir .1999)).  Delay in providing medical care can also support an Eighth Amendment claim, if the plaintiff can show that the delay resulted in substantial harm.  *Id.*  That substantial harm can be the ultimate physical injury caused by the prisoner's illness or condition or an intermediate injury, such as the pain experienced while waiting for treatment.  *Id.*  The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

I conclude that Plaintiff has adequately alleged facts demonstrating that his condition was "sufficiently serious" and that the delay in providing him treatment resulted in substantial harm.  Plaintiff has alleged that he suffered multiple facial fractures and bone displacement.  Complaint ¶ 16.  He also alleges that these injuries caused "extreme physical pain and suffering, extreme discomfort, occlusion, blurred vision, sinus

9

headaches, persistent hypoesthesia, loose teeth and other dental problems, disfigurement, and permanent physical injuries." Complaint ¶ 17. Finally, he alleges that the three to four month delay in providing surgery necessitated cutting or rebreaking and repositioning already healed facial bones. Complaint ¶ 60. The facts as alleged indicate that the disfigurement caused by the displacement of Plaintiff's facial bones, and other attendant symptoms, would have alerted even a layperson to a serious problem requiring medical attention. Similarly, since Plaintiff's bones healed during the delay in treatment, thus requiring rebreaking and cutting of the facial bones and significant pain in the interval, Plaintiff's allegations are sufficient to demonstrate that the delay caused substantial harm.

I reject Olenick's argument that Plaintiff's injury was not sufficiently serious because it was not life threatening. Motion to Dismiss at 10. This is not the standard; even a non-life-threatening condition may be accompanied by severe pain and other injuries sufficiently severe to satisfy the substantial harm requirement. *Oxendine*, 241 F.3d at 1278; *see also Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) ("Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems.").

In light of the apparent obviousness of the injury and its exacerbation by the delay in treatment, Plaintiff's allegations are sufficient to state a claim that Olenick disregarded a substantial risk of harm in failing to timely take steps to alleviate Plaintiff's condition. *See Kikumura*, 461 F.3d at 1294 (a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious) (citation omitted). Plaintiff

alleges that Olenick had actual knowledge of his condition and the need for treatment but provided no treatment other than painkillers, thus causing further complications when the injury was finally addressed. Complaint ¶¶ 56. It is possible that Plaintiff can prove facts demonstrating more than mere negligence by Olenick; accordingly, dismissal is not appropriate on these pleadings. *See Kikumura*, 461 F.3d at 1295 (even if initial diagnosis was merely negligent, allegation that medical provider delayed treatment even after realizing seriousness of prisoner's condition could support a claim of deliberate indifference).

Because I find that Plaintiff's allegations are sufficient to state a claim for his section 1983 cause of action, I need not address whether the pendant state claim for negligence should be dismissed.

Accordingly, it is ordered:

1. The Amended Motion to Dismiss Plaintiff's Eighth Claim for Relief (doc no. 26), filed April 15, 2005, is denied in part.

2. Plaintiff is ordered to show cause on or before February 2, 2007 why the Eighth Claim for Relief asserted against Sheriff Doug Darr should not be dismissed on the grounds of governmental immunity by providing competent evidence that Plaintiff was not incarcerated pursuant to a conviction during the relevant time period. If no cause is shown by February 2, 2007, that claim may be dismissed without further notice.

3. Morry A. Olenick, M.D.'s Motion to Dismiss Plaintiff's First Amended Complaint (doc no. 37), filed April 22, 2005, is denied.

11

DATED at Denver, Colorado, on January 16, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge